22-1606, 22-3038, 23-6254
*United States v. Cuello*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of August, two thousand twenty-six.

PRESENT:  Denny Chin
Steven J. Menashi,
Maria Araújo Kahn,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

PAUL CUELLO, RICARDO RICUARTE, MARK WOODS,

*Defendants-Appellants,*

DIEGO MATEO, CARMELO VELEZ, also known as Sealed Defendant 1, CHRISTOPHER LUM, also known as Sealed Defendant 5, EMMANUEL BONAFE, also known as Sealed Defendant 6, CHRISTOPHER NELSON, also known as Sealed Defendant 7, JOSIAH VELAZQUEZ, also known as Sealed Defendant 8, ALBERTO BORGES, also

Nos.  22-1606,  22-3038, 23-6254

known as Sealed Defendant 9, JESUS HERNANDEZ, also known as Sealed Defendant 11, HEINNER SOLIS, also known as Sealed Defendant 12, EZEQUIEL OSPINA, also known as Sealed Defendant 13, RAIMUNDO NIEVES, also known as Sealed Defendant 14, DEESHUNTEE STEVENS, also known as Sealed Defendant 15, JUPANKY PIMENTEL, JONATHAN GARCIA, also known as JAYO, ANGEL LOPEZ, also known as Sealed Defendant 4, MICHAEL GONZALEZ, also known as Sealed Defendant 17, HECTOR BONAPARTE, also known as Sealed Defendant 16, CHRISTOPHER RODRIGUEZ, also known as Sealed Defendant 2, JUAN HERNANDEZ, also known as Sealed Defendant 10, WILLIAM GONZALEZ, RAUL CUELLO, LUIS SEPULVEDA, also known as Sealed Defendant 3,

*Defendants*.[*]

_____

| | |
|---|---|
| *For Appellee*: | Adam S. Hobson, Patrick R. Moroney, Jacob R. Fiddelman, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, New York. |
| *For Defendant-Appellant Mark Woods*: | Randall D. Unger, Kew Gardens, New York. |

---

[*] These appeals were originally consolidated with *United States v. Mateo*, No. 23-6654. However, our court resolved Mateo's appeal in a separate order. *See United States v. Mateo*, No. 22-1133, 2025 WL 1430010 (2d Cir. May 19, 2025). At that time, Mateo's appeal was severed from this consolidated appeal. Accordingly, the Clerk of Court is directed to amend the caption as set forth above.

*For Defendant-Appellant Paul Cuello*:    Paul Skip Laisure, Garden City, New York.

*For Defendant-Appellant Ricardo Ricuarte*:    Paul J. Angioletti, Staten Island, New York.

Appeals from judgments of the United States District Court for the Southern District of New York (Caproni, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgments of the district court are **AFFIRMED**.

These consolidated appeals arise from the prosecution of members and leaders of the Black Mob, a tribe of the Latin Kings, for racketeering, narcotics-trafficking, and firearms-related conduct. The defendants pleaded guilty to narcotics-conspiracy offenses and received terms of imprisonment followed by supervised release. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

**I**

Ricardo Ricuarte's counsel renews his motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Having independently reviewed the record and counsel's submission, we agree that there is no non-frivolous basis for appeal. *See Anders*, 386 U.S. at 744; *United States v. Arguedas*, 134 F.4th 54, 59-60 (2d Cir. 2025). Although Ricuarte's appellate waiver does not bar all possible challenges to his conditions of supervised release, the available challenges lack merit.

The district court imposed, among other conditions, a search condition requiring reasonable suspicion and requiring that any search occur at a reasonable time and in a reasonable manner. *See* Ricuarte App'x 22, 143-45. The record supported that condition: Ricuarte was a leader in the Latin Kings and the Black Mob, directed violence, encouraged members to obtain and use firearms, and used

3

his employment at FedEx to facilitate drug trafficking. *See id.* at 62-63, 136-42; Ricuarte PSR ¶¶ 38-46. Moreover, we have already rejected a materially similar challenge to an identical search condition imposed on one of Ricuarte's co-defendants, holding that the reasons for the condition were evident in the record because of the co-defendant's "lengthy criminal history" and "repeated use of cell phones in the drug conspiracy." *United States v. Hernandez*, No. 22-1923, 2025 WL 1429721, at *1 (2d Cir. May 19, 2025). The renewed *Anders* motion is therefore granted.

## II

Mark Woods challenges Standard Condition 8, a condition of supervised release providing that he may not knowingly communicate or interact with someone who has been convicted of a felony without first obtaining permission from the probation officer. *See* Woods App'x 147. Woods argues that the condition is overbroad and that the district court failed to provide a specific justification for imposing it. We disagree.

In *United States v. Maiorana*, 153 F.4th 306 (2d Cir. 2025), our court held that the district court must pronounce or expressly incorporate by reference all non-mandatory conditions of supervised release, including the standard conditions. But while *Maiorana* adopted this requirement of "prior notice or pronouncement," *id.* at 313, it did not alter our precedents concerning the justification the district court must provide for imposing standard conditions of supervised release. Our case law continues to hold that the standard conditions are "necessary to the administration of supervised release" and "presumed suitable in all cases." *United States v. Sims*, 92 F.4th 115, 119 n.1 (2d Cir. 2024) (quoting *United States v. Thomas*, 299 F.3d 150, 153 (2d Cir. 2002)). The district court "should conduct an individualized assessment" and it "may modify, expand, or omit" any of the standard conditions. U.S.S.G. § 5D1.3(b) (2025).[1] But the district court "need not

_____

[1] Woods was sentenced in 2022, but we have long recognized that "a court must conduct the analysis" that 18 U.S.C. § 3583(d) "requires" when imposing "discretionary

4

analyze the factors on the record for each condition." *Smith*, 982 F.2d at 764. As long as "[t]he record indicates that the [sentencing] judge considered the factors required by statute," he need "not explicitly discuss the connection between these factors and each imposed condition." *Id.*

The district court imposed the mandatory, standard, and special conditions of supervised release recommended in Woods's Presentence Report, including Standard Condition 8. *See* Woods App'x 140-42; Woods PSR at 41-43. Because Woods did not object, our review is for plain error. *See United States v. Lewis*, 125 F.4th 69, 75 (2d Cir. 2025). Woods cannot establish plain error. Standard Condition 8 is a standard administrative condition designed to facilitate supervision, deter recidivism, and aid reintegration. *See Sims*, 92 F.4th at 119 n.1; *Smith*, 982 F.2d at 764. The justification for the condition is evident in the record given Woods's offense conduct, extensive criminal history, repeated criminal conduct with others, leadership role in the Black Mob, and violent gang activity. *See* Woods PSR ¶¶ 90-104, 119, 123; Woods App'x 135-42. Woods's challenge therefore fails.

### III

Paul Cuello raises a challenge based on the combination of Standard Condition 8 and a special condition of supervised release prohibiting association with known gang members. Standard Condition 8 requires that he receive permission before knowingly communicating or interacting with a felon. *See* Cuello App'x 274. The special condition provides that Cuello "must not associate or interact in any way with any gang member or associate, including members or associates of the Black Mob or the Latin Kings, other than his brother Raul Cuello." *Id.* at 267-68, 275. Cuello suggests that Standard Condition 8 nullifies the express exception he received to associate with his brother.

---

conditions," including "standard conditions." *United States v. Smith*, 982 F.2d 757, 764 (2d Cir. 1992).

We do not understand the conditions to conflict. The district court expressly exempted Raul Cuello from the gang-association condition, and we interpret its pronouncement of the conditions of supervised release to permit Paul Cuello to communicate and interact with his brother Raul notwithstanding Raul's status as a convicted felon, provided that the contact is otherwise lawful and not for criminal purposes. So construed, the written judgment is consistent with the district court's oral pronouncement and a remand to correct any clerical error is unnecessary. If the probation officer does not administer the conditions of supervised release consistent with this understanding, Cuello may then seek clarification or modification from the district court. *See* 18 U.S.C. § 3583(e)(2); Fed. R. Crim. P. 32.1(c).

*     *     *

We have considered the appellants' remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6